# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ROLLINGS,<br><br>            Plaintiff,<br><br>      v.<br><br>WARDEN,<br><br>            Defendant. | Case No. CV 20-1724 JVS (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this action without prejudice due to the failure of a pro se litigant to amend his complaint or respond to court orders.

\* \* \*

1.  This is a prisoner civil rights action. Plaintiff is an inmate at the federal prison facility at Terminal Island. He contends that unidentified prison staff violated his rights by opening his "legal mail" and allegedly withholding certain items from him. The complaint also includes vague allegations about the denial of medical treatment. (Docket # 1.)

2.    In February 2020, Magistrate Judge Wilner screened the original complaint pursuant to 28 U.S.C. § 1915A(a). Judge Wilner dismissed the complaint with leave to amend. The dismissal order noted, among other defects, that Plaintiff failed to name any individual defendant as liable for the alleged misconduct. To the extent Plaintiff sought to sue the federal government in a Bivens-type action, though, sovereign immunity likely barred his action. Additionally, Plaintiff failed to either pay the federal court filing fee or submit the appropriate materials for a fee waiver. (Docket # 7 at 1-2.)

3.    Judge Wilner set a March 2020 deadline for Plaintiff to amend his complaint (and submit the appropriate fee documentation) or voluntarily dismiss the action. Plaintiff failed to file a timely response to the order.

4.    In April 2020, Judge Wilner issued an order to show cause why the action should not be dismissed. The order gave Plaintiff until the end of May 2020 to submit an appropriate response. The order specifically warned Plaintiff that failure to comply would result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b). (Docket # 8.)

5.    Plaintiff failed to respond to the OSC. Indeed, Plaintiff has not filed anything with the Court in this action since his initial complaint.[1]

* * *

6.    Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

---

[1] Plaintiff originally filed his complaint in the Northern District of California; the action was transferred to the Central District shortly after filing. Judge Wilner reviewed both the Court's docket and the Bureau of Prison's website to confirm that (a) Plaintiff is housed locally and (b) the Clerk is properly serving Plaintiff at that local prison.

2

      7.     Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

      8.     Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

      9.     In the present action, the Court finds dismissal of the action without prejudice is appropriate. Plaintiff failed to respond to two orders addressing serious defects with his complaint. Plaintiff's refusal to do so demonstrates that he has no interest in advancing the action here.

      10.    By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to respond to court orders, thereby preventing any feasible advancement of the case. Furthermore, because Plaintiff is a pro se litigant who did not abide by the the Court's previous orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court finds

that dismissal is appropriate under Rule 41(b).  <u>Applied Underwriters</u>, 913 F.3d at 892.

11.   Therefore, the present action is DISMISSED without prejudice.[2]

IT IS SO ORDERED.

Dated: July 02, 2020

_____
HON. JAMES V. SELNA
U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2]   Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim.  However, due to the ongoing coronavirus crisis, the Court exercises its discretion to dismiss the action without prejudice.

4